## APPEALS OF W. H. ROBERTS AND J. J. HILL.

Docket Nos. 6017, 6018. Decided September 28, 1926.

The mere stipulation that certain expenditures were "development expenses" is not sufficient to change the ruling of the Commissioner that part thereof was not deductible under section 214 (a) (1) of the Revenue Act of 1918.

*Robert Ash, Esq.,* for the petitioners.
*W. H. Lawder, Esq.,* for the Commissioner.

Taxes in controversy in the appeal of W. H. Roberts amount to $1,809.60 and those in the appeal of J. J. Hill amount to $1,986.16. They are income taxes for the year 1919. The petitioners agreed with the lessees of several pieces of land that they would bear the expense of drilling and developing the leased premises on condition that they be given an undivided fractional interest in the lease when the drilling had progressed to a certain extent. The Commissioner held that so much of the amount of money expended as bore the same relation to the entire amount expended as the fractional part of the lease retained by the original lessee bore to the entire amount of the lease could not be allowed as an expense to the petitioners, but should be considered for income-tax purposes as a capital expenditure. The petitioners contended that the entire amount of money expended by them in compliance with these agreements should be deducted as an ordinary and necessary expense of carrying on a business. The facts were stipulated.

### FINDINGS OF FACT.

W. H. Roberts and J. J. Hill were sole partners in the partnership of Roberts & Hill, and each owned a one-half interest. They were residents of and conducted their business in Wichita Falls, Texas. In 1919, they entered into four contracts, each with the lessee of a separate piece of land. Under these contracts, the partnership drilled wells at its own expense and, when the drilling had proceeded to a certain extent, acquired an undivided fractional share

in the ownership of the respective leases, all in the year 1919. The petitioners designated as " development expenses " the entire amount of money which they thus expended, and charged it to profit and loss on their partnership books in the year 1919.

The following table sets out the facts in detail:

| Name of lease. | Development expenses. | Interest in lease. | | Amount disallowed by Commissioner. |
|---|---|---|---|---|
| | | Acquired by petitioners. | Retained by lessee. | |
| Block 75 | $76,194.32 | 3/8 | 5/8 | $47,521.45 |
| Block 30 | 4,657.35 | 1/3 | 2/3 | 3,104.90 |
| Block 96 | 11,317.11 | 3/8 | 5/8 | 7,073.20 |
| Woodrow-Lee | 22,590.00 | 1/2 | 1/2 | 11,295.00 |

OPINION.

MURDOCK: The petitioners rely upon a stipulation that certain expenditures which they made were " development expenses." They now ask this Board to say that " development expenses " are, per se, ordinary and necessary expenses of carrying on a trade or business. We can not decide whether they are expenses or capital expenditures under the statute, since we do not know what the money was paid for nor what the circumstances were under which it was paid.

In the Block 75 and Block 96 leases, the Commissioner held that where a taxpayer under an agreement, in order to acquire a three-eighths interest in a lease, pays out money to drill holes on land embraced in that lease, he is not entitled to deduct more than three-eighths of the money as an ordinary and necessary expense of carrying on the business, because he has acquired a three-eighths interest in the lease and for it he has given the original lessor the benefit of five-eighths of the money spent. There was a similar holding pertaining to the other leases. We do not decide that this calculation is correct, but the petitioner has not proven that he is entitled to a larger deduction for expenses by simply stipulating that the money was spent for " development expenses." See Appeal of L. Z. Dickey Grocery Co., 1 B. T. A. 108; Appeal of Bonta Narragansett Realty Corporation, 1 B. T. A. 208; Appeal of Simmons & Hammond Manufacturing Co., 1 B. T. A. 803; Appeal of Gilliam Manufacturing Co., 1 B. T. A. 967.

Judgment for the Commissioner.

PHILLIPS concurs in the result only.