*1158 OPINION.
Muedooic :
The petitioners rely upon a stipulation that certain expenditures which they made were “ development expenses.” They now ask this Board to say that “ development expenses ” are, per se, ordinary and necessary expenses of carrying on a trade or business?. We can not decide whether they are expenses or capital expenditures under the statute, since we do not know what the money was paid for nor what the circumstances were under which it was paid.
In the Block 15 and Block 96 leases, the Commissioner held that where a taxpayer under an agreement, in order to acquire a three-eighths interest in a lease, pays out money to drill holes on land embraced in that lease, he is not entitled to deduct more than three-eighths of the money as an ordinary and necessary expense of carrying on the business, because he has acquired a three-eighths interest, in the lease and for it he has given the original lessor the benefit of five-eighths of the money spent. There was a similar holding pertaining to the other leases. We do not decide that this calculation is correct, but the petitioner has not proven that he is entitled to a larger deduction for expenses by simply stipulating that the money was spent for “ development expenses.” See Appeal of L. Z. Dickey Grocery Co., 1 B. T. A. 108; Appeal of Bonta Narragansett Realty Corporation, 1 B. T. A. 208; Appeal of Simmons & Hammond Manufacturing Co., 1 B. T. A. 803; Appeal of Gilliam Manufacturing Co., 1 B. T. A. 967.

Judgment for the Gommissioner.

Phillips concurs in the result only)